## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: ) <br> **Theron Russell** ) <br> **Maria E Chavez** ) <br> SSN(s): **xxx-xx-1061, xxx-xx-0747** ) <br> **3528 Grant St.** ) <br> **McKinney, TX 75071** ) <br> ) <br> ) <br> Debtor ) | CASE NO: **10-43087-BTR-13** <br><br> Chapter 13 |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

*AMENDED 1/9/2011*

### CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **see below** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☑ Variable Plan Payments

    | Beginning Month | Ending Month | Amount of Monthly Payment | Total |
    |---|---|---|---|
    | 1 (10/01/2010) | 1 (10/01/2010) | $644.00 | $644.00 |
    | 2 (11/01/2010) | 7 (04/01/2011) | $300.00 | $1,800.00 |
    | 8 (05/01/2011) | 60 (09/01/2015) | $705.00 | $37,365.00 |
    | | | Grand Total: | $39,809.00 |

    Reason for Variable Plan Payments:

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:   10-43087-BTR-13
Debtor(s):   **Theron Russell**
  **Maria E Chavez**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __**$3,500.00**__. The amount of __**$1,141.00**__ was paid prior to the filing of the case. The balance of __**$2,359.00**__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment / Months |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **IRS** | **$15,608.62** |

Case No: **10-43087-BTR-13**
Debtor(s): **Theron Russell**
**Maria E Chavez**

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☒ to the Trustee pending confirmation of the plan.

   | (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
   |---|---|---|
   | Infiniti Financial Services | 2006 Infiniti G-35 | $106.11 |

   (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

   | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
   |---|---|---|---|---|
   | Infiniti Financial Services<br>2006 Infiniti G-35 | 02/2006 | $8,489.00 | 4.75% | $159.23 / 01-60 |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☒ None; or

Case No:  10-43087-BTR-13
Debtor(s):  **Theron Russell**
  **Maria E Chavez**

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment / Months |
|---|---|---|---|---|
|  |  |  |  |  |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Interest rate | (e)<br>Projected monthly arrearage payment / Months |
|---|---|---|---|
| **Wells Fargo Home Mortgage**<br>**Homestead** | **$6,708.53** | **5.50%** | **Pro-Rata** |

(C). **Surrender of Collateral.**   Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:**  The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.**   Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$190,316.55**   .  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of      **$432.56**      .  Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein.  Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

Case No: 10-43087-BTR-13
Debtor(s): **Theron Russell**
**Maria E Chavez**

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
| **Nissan Motor** **Vehicle Lease** | $629.00 | | |
| **Sprint** **Service Contract** | $220.00 | | |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
| | |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| **Wells Fargo Home Mortgage** | |

   (C). **Additional provisions.**
   None.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: **January 9, 2011**         /s/ **Theron Russell**
                                    Theron Russell, Debtor

/s/ **C. Daniel Herrin**            /s/ **Maria E Chavez**
C. Daniel Herrin, Debtor's Attorney   Maria E Chavez, Debtor

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

IN RE: **Theron Russell**  
*Debtor*

CASE NO. **10-43087-BTR-13**

**Maria E Chavez**  
*Joint Debtor*

CHAPTER **13**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 9, 2011, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ C. Daniel Herrin**  
C. Daniel Herrin  
Bar ID:24065409  
Allmand & Lee, PLLC  
8701 Bedford Euless Rd., Suite 510  
Hurst, TX 76053  
(214) 265-0123

---

Aes/nct  
xxxxxxxxxxxx0001  
Po Box 2641  
Harrisburg, PA 17105

Bank Of America  
5164  
4060 Ogletown/stanton Rd  
Newark, DE 19713

Chase  
xxxx-xxxx-xxxx-5842  
Po Box 15298  
Wilmington, DE 19850

American Express  
xxxxxxxxxxxx5073  
c/o Becket and Lee LLP  
PO Box 3001  
Malvern, PA 19355

Best Buy  
xxxxxxxx0565  
Attn: Bankruptcy  
PO Box 5263  
Carol Stream, IL 60197

Chase  
xxxxxxxx5004  
Po Box 15298  
Wilmington, DE 19850

Associated Cr & Coll  
xxxxxxxxxxxx0616  
975 Eyster Blvd  
Rockledge, FL 32955

Capital One, N.a.  
xxxx-xxxx-xxxx-7007  
C/O American Infosource  
PO Box 54529  
Oklahoma City, OK 73154

Chase  
xxxx-xxxx-xxxx-1177  
Po Box 15298  
Wilmington, DE 19850

Bank Of America  
8425  
4060 Ogletown/stanton Rd  
Newark, DE 19713

Central Financial Control  
xxxxx5895  
Attn: Bankruptcy  
PO Box 66044  
Anaheim, CA 92816

Chase  
xxxx-xxxx-xxxx-0078  
Po Box 15298  
Wilmington, DE 19850

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: **Theron Russell**      CASE NO. **10-43087-BTR-13**
*Debtor*

**Maria E Chavez**      CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

Chase
xxxx-xxxx-xxxx-8241
Po Box 15298
Wilmington, DE 19850

Infiniti Financial Services
xxxxxxxxxx0001
PO Box 460364
Dallas, TX 75266

LDG Financial Services
xxxx-xxxx-xxxx-6374
7001 Peachtree Intustrail Blvd
Norcross, GA 30091

Citifinancial Retail Services
xxxxxxxx6510
Citifinancial/Attn: Bankruptcy Dept
1111 Northpoint Dr
Coppell, TX 75019

Integrity Financial Patners Inc
xxxx-xxxx-xxxx-6174
4370 107TH Street Suite 1000
Overland Park, KS 66210

LTD Financial Services
xxxxxxxxxxx8668
7322 Southwest Freeway, #1600
Houston, Texas 77074

Direct Energy
xxxxxx4275
PO Box 660300
Dallas, TX 75266

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Megan B Rachel
1405 Vontress Drive
Plano, TX 75074

Discover Financial
xxxx-xxxx-xxxx-8055
Attention: Bankruptcy Department
PO Box 3025
New Albany, OH 43054

IRS
Department of the Treasury
Austin, TX 73301-0030

Michelle Heron
511 N Akard
Dallas, TX 75201

Discover Financial
xxxxxxxx3667
Attention: Bankruptcy Department
PO Box 3025
New Albany, OH 43054

IRS
PO BOX 21126
Philadelphia, PA 19114

MRS BPO
xx0078
1930 Olney Avenue
Cherry Hill, NJ 08003

E*trade Credit Card
xxxxxxxxxxxx4769
101 Crossways Park
Woodbury, NY 11797

Janna Countryman
500 N Central Exwy, Suite 350
Plano, TX

Nco Financial
xxxxx9863
Po Box 13564
Philadelphia, PA 19101

Encore Receivable Management
8425
PO Box 3330
Olathe, KS 66062

Kohls
xxxxxxxx1752
Attn: Recovery Dept
PO Box 3120
Milwaukee, WI 53201

Nco Financial
xxxx7573
507 Prudential Rd
Horsham, PA 19044

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: **Theron Russell**  
_Debtor_

CASE NO. **10-43087-BTR-13**

**Maria E Chavez**  
_Joint Debtor_

CHAPTER **13**

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

RGS Financial  
xxxxxx-xxxx0001  
PO Box 852039  
Richardson, TX 75085

Torres Credit Serrvices  
xxx5163  
27 F  
Carlisle, PA 17013

Wells Fargo Home Mortgage  
xxxxxxxxx1106  
PO Box 460364  
Dallas, TX 75266

Rs Clark And Associate  
xxxxxxxxxx9595  
12990 Pandora Dr Ste 150  
Dallas, TX 75238

Txu Energy  
xxxxxxxx2757  
200 W John Carpenter Fwy  
Irving, TX 75039

Zale  
xxxxxxxxxxxx2870  
Attn.: Centralized Bankruptcy  
PO Box 20363  
Kansas City, MO 64195

Sears  
xxxxxxxxxxxx7871  
133200 Smith Rd  
Cleveland, OH 44130

United States Attorney General  
Main Justice Building, Rm 5111  
10th & Constitution Ave  
NW Washington D.C. 50230

Zwicker and Assoc  
80 Minuteman Road  
Andover, MA 01810

Simm Associates, Inc.  
800 Pencader Drive  
Newark, DE 19702

United States Attorney's Office  
110 North College Avenue, Suite 700  
Tyler, Texas 75702-0204

Sprint  
P.O. Box 530503  
Atlanta, GA 30353-0503

United States Trustee's Office  
110 North College Avenue, Suite 300  
Tyler, Texas 75702-7231

Sunrise Credit Service  
260 Airport Plaza  
Farmingdale, NY 11735-3946

Wells Fargo  
xxxxxxxxxxxx0001  
PO Box 60510  
Los Angeles, CA 90060

Theron Russell  
3528 Grant St.  
McKinney, TX 75071

Wells Fargo Home Mortgage  
xxxxxxxxx1106  
PO Box 460364  
Dallas, TX 75266